Dear Mr. Wiley:
This office is in receipt of your request for an Attorney General's opinion on behalf of the Lafourche Basin Levee District (the "District"). Specifically, you are interested in determining whether or not the District can authorize the use of its equipment and employees on a project involving the Fort Butler Foundation (the "Foundation"), a non-profit organization headquartered in Donaldsonville, Louisiana.
According to your correspondence, the Foundation has been active in promoting historical and cultural tourism in connection with Fort Butler, which was built during the Civil War and has recently been the subject of extensive archaeological investigation. The Foundation has acquired a full-scale replica of the ship, the Le Pelican, used by the French explorer Iberville, when he discovered Bayou Lafourche. The Foundation intends to permanently display this "tall ship" as a tourist attraction on the batture of the Mississippi River near Fort Butler on the site of the former confluence (now closed by the levee) of the Mississippi River and Bayou Lafourche. The Foundation has asked the District for assistance in excavating a trench in the batture area in which to float the ship from the Mississippi River to the location where the ship will be permanently situated. After floating the ship to its permanent location, the trench would be back-filled and closed permanently.
You advise that although the work would not be related to either drainage or flood control, the Commissioners of the District would like to assist the Foundation if such work is authorized by law. As such, you seek our opinion on the legality of such an arrangement.
Your inquiry must be examined in light of La. Const. Art. VII, Sec.14(A), which prohibits the state and its political subdivisions from loaning, pledging or donating public funds, assets or property to persons, associations or corporations, public or private. Although La. Const. Art. VII, Sec. 14(B) creates certain exceptions to the general prohibition of Art. VII, Sec. 14(A), the District's contemplated assistance to the Foundation is not among those exceptions.
Pursuant to La. Const. Art. VII, Sec. 14(C), the state and its political subdivisions may engage in cooperative endeavors for public purposes. However, these constitutional provisions must be scrutinized in light of the decision of the Louisiana Supreme Court in City of PortAllen v. Louisiana Municipal Risk Agency, 439 So.2d 399 (La. 1983). Therein, the Supreme Court ruled that La. Const. Art. VII, Sec. 14(A) " is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." The Court went on to state that the constitutional authorization for cooperative endeavors, contained in Art. VII, Sec. 14(C), does not provide an exception to the prohibition contained in Sec. 14(A):
 "There is no indication that [Sec. 14(C)] is meant to be an exception to the rule of Sec. 14(A) Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations merely for a `public purpose'."
We have examined the District's legal authority, particularly as set forth in La.R.S. 38:325 and 38:334. In our opinion, when read in parimateria with La. Const. Art VII, Sec. 14, these statutes do not authorize the District to assist in the excavation of a trench for the benefit of the Foundation. Although the display of the Le Pelican near Fort Butler for the promotion of historical and cultural tourism is a laudatory endeavor, this office is unaware of any legal obligation imposed upon, or authorization granted to the District, to assist the Foundation as requested.
In light of the Supreme Court's decision in City of Port Allen, it is the opinion of this office that the Lafourche Basin Levee District is constitutionally prohibited from contributing the use of its equipment and employees to the Fort Butler Foundation for the excavation of the trench in question.
We trust the foregoing to be of assistance. If we can be of assistance in other areas of the law, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam